Emogene WILLIAMS, d/b/a Buddy's
Cafe, Plaintiff-Appellee,

v.

BEER BOARD OF GALLATIN,
Defendants-Appellants.

Supreme Court of Tennessee,
at Nashville.

Sept. 21, 1987.

W. Thomas Goodall, Jr., Gallatin, for defendants-appellants.

John W. Jones, Gallatin, for plaintiff-appellee.

OPINION

THOMAS A. GREER, Jr., Special Justice.

This is a direct appeal by the City of Gallatin from a decision of the Circuit Court of Sumner County reversing the Beer Board's revocation of the beer license

of Emogene Williams, d/b/a Buddy's Cafe, under the authority of *TCA* § 57–5–109. The Circuit Court trial is de novo. On appeal the action of the trial judge is presumed correct and his judgment will not be reversed unless the evidence preponderates against his judgment. *City of Memphis, Etc. v. Randall Mem., Etc.,* 550 S.W.2d 657.

Appellants contend they were proceeding under City of Gallatin Ordinance 239 in addition to *TCA* § 57–5–109 as a basis upon which to seek revocation of the license. However, the city ordinance makes no mention of the operation of an establishment in such a way as to be detrimental to public health, safety or morals. The transcript in this case shows that the city never relied on the city ordinance, but, in fact, relied exclusively upon *TCA* § 57–5–109.

At the conclusion of the trial below the judge made a finding of fact verbally which is preserved in the transcript of the evidence. This finding of fact is very brief and does not specifically address some of the evidence relied upon by the city to revoke the license. We feel bound by his finding of fact but not by his conclusions thereon.

The most material witness was an undercover agent who worked for the Police Department for the City of Gallatin, who testified that between September 1985 and May of 1986, he made 17 drug buys in the bar or on the premises of this beer establishment. Some of the purchases were made in the kitchen connected to the bar, in the bathroom, in a booth, in the bar area, and in the parking lot. On two occasions in January and February of 1986, he purchased marijuana from Debbie Lynn Frazier who was employed by the permittee, apparently as a bar maid, while working on the premises. The undercover agent also testified that the licensee on one occasion offered to sell him a small amount of marijuana and on another occasion the licensee was so near he was certain she saw him make a purchase of other illegal drugs. However, the trial judge specifically found Ms. Williams had no knowledge of any illegal drug dealing on the premises and we defer to his judgment on the credibility of this evidence.

Police records were introduced indicating that approximately 25 arrests had been made over the course of a few months on or near the premises and other officers testified that there was more activity at this bar which required their attention than any other in the city. The police records introduced on the trial actually showed that there were other beer joints in the city which had approximately the same number of arrests. There was opinion evidence by police officers that Buddy's Cafe did not have a good reputation.

Appellant contends the trial judge gave too much significance to his conclusions that the licensee did not have actual knowledge of the drug sales in and about the premises. They cite several cases which hold that it is not necessary to show actual knowledge by the licensee of illegal conduct on the premises to hold them accountable for such conduct.

There are two cases which appear most material for a determination of this case. *Goodlettsville Beer Board v. Brass A. Saloon,* 710 S.W.2d 33 involves a revocation based upon an illegal sale of beer to a minor. In this case there was no proof the licensee had knowledge the purchaser was a minor. The other case is *Metropolitan Government of Nashville and Davidson County v. Martin,* 584 S.W.2d 643, which is perhaps most material to this case although the facts were not analogous. In this case, the court found that a soldier was permitted to remain on the premises and consume more beer while, openly, notoriously, and uproariously drunk. In this case, the court said, "We deal purely and simply with permitting a drunk to 'hang around' a beer joint under circumstances that were known, or should have been known to the permittee or *her employees*". (Emphasis added.) These two cases cited and relied upon by the appellant to hold the licensee responsible without proof of actual knowledge involves one person publicly drunk and the other a minor. Although, it might be said that both are evident from the nature of the fact, youth is reasonably evident and public drunkenness certainly is easily observable because public drunkenness requires a high degree of intoxication. However, while youth is evident in general,

it is a common observation that distinguishing age by appearance is often deceptive. The most significant rule stated in *Metropolitan Government of Nashville and Davidson County v. Martin,* is that the permittee is responsible for the acts and knowledge of her employees.

We cannot accept the argument of the appellant that a permittee can be held responsible for every act which occurs on the premises and we concur in the reasoning of the trial judge that the licensee should not be held responsible for acts not known to her or which she could not be reasonably expected to know. However, there was no finding of fact or consideration given to the two drug purchases made by the licensee's employee in January and February of 1986. Ms. Williams admitted that for some reason she became suspicious of this employee and fired her the following May. This testimony appears in the evidence without contradiction. The significance of the holding in *Metropolitan Government of Nashville and Davidson County Etc. v. Martin,* to this case is the standard announced therein to the effect that a permitee is responsible for the conduct or neglect of her employees. This must be so or otherwise all licensees could insulate themselves from any illegal or prohibited conduct by the use of employees to carry on the business.

Although this is factually a close case, when the two illegal drug sales made by the employee are added to the drug trafficing and other conduct, the evidence preponderates against the judgment of the trial court.

Accordingly, we reverse the judgment of the trial court. The cause is remanded to the Circuit Court of Sumner County for appropriate action to revoke the permit as previously ordered by the Beer Board of the City of Gallatin.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.